# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EMMETT T. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No: CV_____ |
| ) | |
| NAPA TRANSPORTATION, INC. and ) | |
| DAN ALLEN THOMPSON, ) | |
| ) | |
| Defendants. ) | |

## PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§1332 and 1441, Defendants, Napa Transportation, Inc. ("Defendant Napa Transportation") and Dan Allen Thompson ("Defendant Thompson") give notice of the removal of this civil action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division. As grounds for this removal, Defendants state as follows:

1. This civil action was originally commenced on September 14, 2021, by Plaintiff, Emmett T. Simmons ("Plaintiff") against Defendants. Plaintiff served Defendant Napa Transportation on or about September 23, 2021. Subsequently, Plaintiff served Defendant Thompson on October 1, 2021. [Ex. 1, Service Return on Defendant Thompson]. The Plaintiff's Complaint alleges claims of negligence and wantonness arising out of Defendant Thompson's operation of a semi-trailer; specifically, his claimed negligent and wanton failure to stop at a red light. [Ex. 2, Complaint, Doc. 2 ¶¶ 6-7, 10-11]. The Complaint further alleges claims of negligence and wantonness against Defendant Napa Transportation arising from its claimed negligent and wanton

hiring, training, and supervision of Defendant Thompson, and alleges that Defendant Napa Transportation was negligent and wanton in entrusting Defendant Thompson with the tractor-trailer he was operating at the time of the accident made the basis of Plaintiff's suit. [Ex. 2, ¶¶ 13-15, 17-19].  Finally, the Complaint alleges that both Defendant Napa Transportation and Defendant Thompson were negligent and wanton in performing maintenance on the tractor-trailer being operated by Defendant Thompson at the time of the accident made the basis of Plaintiff's lawsuit. [Ex. 2, ¶¶ 21-23].

2. The Complaint alleges that the accident occurred on January 6, 2021, on Dartmouth Avenue, at or near the intersection with Alabama Highway 150, in Jefferson County Alabama. [Ex. 2, ¶ 6].  It is claimed that Defendant Napa Transportation was the owner, lessor or lessee of the motor vehicle driven by Defendant Thompson and alleges various claims of negligence and wantonness against both Defendants, as set forth fully above. [Ex. 2, ¶¶ 6-7, 10-11, 13-15, 17-19, 21-23].  The Plaintiff seeks compensatory and punitive damages as well as legal costs against the Defendants. [Ex. 2, General Demand Paragraphs].

3. A true and correct copy of any and all pleadings, notices and orders served in CV-2021-900492.00 in the Circuit Court of Jefferson County, Alabama as of the date of this removal are attached as Exhibit 3 and are incorporated herein by reference.

4. 28 U.S.C. §1441 states, in part:

   (a) Except as otherwise expressly provided by act of Congress, any civil action brought in a State Court of which the District Courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the District Court of the United States for the District and Division embracing the place where such action is pending.

   (b) In determining whether a civil action is removable on the basis of the jurisdiction under §1332(a) of the title, the citizenship of defendants sued under fictitious names shall be disregarded.

   (2) A civil action otherwise removable solely on the basis of the jurisdiction under §1332(a) of this title, may not be removed if any of the partners in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

   (c) If a civil action includes—

   (A) A claim arising under the Constitution, laws, or treaties of the United States (within the meaning of §1331 of this title), and

   (B) A claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

   the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

5. In accordance with 28 U.S.C. §1446(b), a Defendant has thirty (30) days from the receipt from Plaintiff, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based to remove the case. 28 U.S.C. §1446(b).  Pursuant to the "last-served rule," each Defendant is allowed, "upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008) (adopting the "last-served rule"); See *Category 5 Mgmt. Grp., LLC v. Nat'l Cas. Ins., Co.*, No. CIV.A.09-00633-CG-B, 2010 WL 2330305, at *6 (S.D. Ala. May 20, 2010), report and recommendation adopted, No. CIV.A.09-00633-CG-B, 2010 WL 2330285 (S.D. Ala. June 8, 2010) (recognizing Eleventh Circuit's adoption of "last-served rule" in *Janssen Phamaceutica, Inc.*, supra).

6. Plaintiff filed the Complaint on September 14, 2021.  [Ex. 2].  Defendant Napa Transportation was served with a copy of the Summons and Complaint on or about

September 23, 2021.  Defendant Thompson was served with a copy of the Summons and Complaint on or about October 1, 2021. Not more than thirty (30) days have passed since service of the Complaint on the later-served Defendant. As such, pursuant to the "last-served rule," this Petition for Removal is filed within the requisite time of the Defendants' receipt of service of the Plaintiff's claim for relief.

## FEDERAL DIVERSITY JURISDICTION

7. Plaintiff, Emmett T. Simmons, is over the age of nineteen (19) years and is a resident and citizen of the State of Alabama.  [Ex. 2, ¶ 1].

8. Defendant, Napa Transportation, is a foreign corporation, with its principal place of business in Mechanicsburg, Pennsylvania. [Ex. 2, p. 13; Ex. 4, Pennsylvania Secretary of State Business Entity Record].

9. Defendant, Thompson, is over the age of nineteen (19) years and is a resident and citizen of the State of Georgia. [Ex. 2, p. 13].

10. Accordingly, complete diversity of citizenship exists between all parties for purposes of this removal. See 28 U.S.C. §1332(a)(1); 28 U.S.C. §1332(c).

## AMOUNT IN CONTROVERSY

11. The amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and cost, to satisfy the amount in controversy requirements for diversity jurisdiction purposes. 28 U.S.C. §1332(a). Although Plaintiff does not demand a specific amount of damages in his Complaint, the amount in controversy requirement for diversity jurisdiction is clearly satisfied based on the allegations in the Plaintiff's Complaint and the evidence put forth in these Defendants' Petition for Removal.

12. Plaintiff claims that he sustained "multiple, serious and permanent injuries" as a result of the January 6, 2021 motor vehicle accident. [Ex. 2, ¶¶ 7, 11]. Plaintiff described the injuries and damages he sustained as follows:

    - Multiple rib fractures;
    - Injuries to his neck, chest and back;
    - Bruised and contused;
    - Severe physical pain and mental anguish;
    - Caused to incur medical expenses and will continue to do so in the future [Ex. 2, Doc. 2 ¶ 11]; and
    - punitive damages.

13. The Defendant, Thompson, was operating a semi-trailer, specifically a 2018 Freightliner TT, weighing at or over 26,000 pounds. [Ex. 5, Alabama Uniform Traffic Crash Report]. Plaintiff Simmons was operating a 2006 Toyota Solara sedan and was "t-boned" directly on the driver-side door. [Ex. 5]. Plaintiff Simmons was taken to UAB Hospital by ambulance from the scene of the accident. [Ex. 5]. Plaintiff Simmons' motor vehicle was towed from the scene of the accident. [Ex. 5]. Based upon information provided by Plaintiffs' counsel, due to the severity of his injuries Plaintiff has been recommended for "surgery due to nerve damage." [Ex. 6, E-mail from Plaintiff Claim File Manager]. Furthermore, based upon medical bills provided by Plaintiff's counsel, he has incurred $59,165.00 in charges for the emergency room treatment alone. [Ex. 7, Plaintiff's Medical Bills]. This does not include any treatment Plaintiff has received since that time. Plaintiff seeks compensatory damages as well as punitive damages and legal costs in an amount to be determined by the court. [Ex. 2, General Demand Paragraphs].

14. In situations in which a Plaintiff does not plead a specific amount of damages, the removing party need only show by a preponderance of the evidence that the amount in

controversy "more likely than not" exceeds the jurisdictional amount. *Roe v. Michelin North America*, *Inc.*, 613 F.3d 1058, 1061 (11th Cir.2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996)); See also *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d. 744, 752 (11th Cir. 2010); *Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1282 (N.D. Ala. 2013).

15. In determining whether the amount in controversy requirement has been met, the court should determine whether it is "'facially apparent' that the amount in controversy exceeds $75,000.00," before looking to the [petition for removal] and examining "accompanying evidence provided by the defendant." *Novartis Pharms Co.*, at 1282-1283 (quoting *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir.2001)). "In an effort to meet its burden the removing defendant may present [evidence], including evidence of settlement demands, to establish that the amount in controversy exceeds $75,000." *Dean v. Sears, Roebuck & Co.*, No. CA 13-00487-C, 2014 WL 900723, at *3 (S.D. Ala. Mar. 7, 2014) (quoting *Roe*, 613 F.3d at 1061); See also *Free v. Baker,* 2009 WL 1748244, *2 (M.D. Ala. 2009). A defendant may "introduce their own affidavits, declarations, or other documentation" in support of their claim that the amount in controversy has been met; in fact, there "are no limits to the types of evidence a defendant may offer," as long as the "removal is procedurally proper." *Novartis Pharms. Co.,* 952 F. Supp. 2d at 1283 (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir.2010)).

16. In conducting an "amount in controversy" analysis, District Courts are not required to "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount," and are instead permitted to "use

their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdiction requirements." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir.2010); *Sears, Roebuck & Co.*, at *4. In *Roe,* the United States Court of Appeals for the Eleventh Circuit elaborated on the importance of a District Court "relying on its judicial experience and common sense" to prevent a plaintiff from "defeating" federal jurisdiction "simply by drafting his pleadings in a way that did not specify an approximate value of the claims," an act which the Court of Appeals considered "obfuscating tactics." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) (citing *Pretka*, 608 F.3d at 766). District Courts are permitted to use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that the case is removable. *Sears, Roebuck & Co.* at *4 (citing *Pretka*, 608 F.3d. at 754). "The overall point of this analysis is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.

17. In the instant case, the Plaintiff alleges (1) that he suffered "multiple, serious and permanent injuries," (2) that he suffered multiple rib fractures; (3) that he was bruised and contused; (4) that he suffered severe physical pain and mental anguish, (5) that he was caused to incur medical expenses and will continue to do so in the future; and (6) that he seeks compensatory and punitive damages for the Defendant's alleged negligence/willful and/or wanton conduct. [Ex. 2, General Demand Paragraphs]. Based upon the Complaint's allegations, there is sufficient evidence to support the necessary amount in controversy requirement. *Bouler v. Adams*, 2017 WL 2937956, *2

(S.D. Ala. 2017) (citing to in referencing the analysis of Plaintiff's Complaint in *Williams v. Best Buy*, 269 F. 3d. 1316, 1319-20 (11th Cir. 2001)); See also *Easterling v. Smithkline Beecham Corp.*, Civil Action No. 2:05CV35KS–JMR, 2006 WL 1581322, at *2 (S.D.Miss. June 2, 2006) (holding amount in controversy requirement met where plaintiff alleged serious and permanent injuries despite not specifying amount of damages).

18. In addition to the content of the Plaintiff's Complaint, the accident report reflects that he was struck directly on the driver-side door by a 26,000-pound semi-trailer and was subsequently taken from the scene by ambulance to UAB Hospital. [Ex. 5, Alabama Uniform Crash Report]. His vehicle was also towed from the scene of the accident [Ex. 5]. Furthermore, the Plaintiff has apparently been recommended for surgery as a result nerve damage he sustained in this accident. [Ex. 6, E-mail from Plaintiff Claim File Manager]. Finally, and perhaps most importantly, Plaintiff has incurred *$59,165.00* in ambulance and emergency room charges alone for medical treatment from injuries, he claims, arise from the accident in question. [Ex. 7, Plaintiff's Medical Bills]. This amount is $15,835.00 away from the $75,000.00 needed to meet the amount in controversy requirement and does not include charges for medical treatment since the emergency room visit, and does not account for charges Plaintiff is likely to incur for any surgery to correct "nerve damage," nor does it take into account Plaintiff's claims for "mental anguish" and punitive damages. [Ex. 2, ¶ 11; Ex. 6, E-mail from Plaintiff Claim File Manager; Ex. 7]. It is therefore reasonable to infer that Plaintiff's final accrued medical expenses will easily exceed $75,000.00 and would require an abandonment of experience and common sense to conclude that Plaintiff will not be

seeking at least that amount in damages. See *Henderson v. Dollar General Corp.*, Civil Action No. 07–0799–CG–M, 2009 WL 959560, at *1–4 (discussing *Allen v. Toyota Motor Sales*, U.S.A., Inc., 155 Fed. Appx. 480 (11th Cir.2005) in holding the amount in controversy requirement met where plaintiff incurred $57,328.00 in medical expenses, needed surgery, and was continuing medical treatment); See also *Toyota Motor Sales,* at 482.[1]

19. Importantly, Plaintiff has alleged claims of wantonness against both Defendants. [Ex. 2, ¶¶ 6-7, 10-11, 14-15, 18-19, 22-23]. A District Court is permitted to infer, based on a claim for wantonness, that a plaintiff is "seeking greater recovery than if [he or she] were merely seeking compensation for [his or her] injuries." *Jones v. Novartis Pharms. Co.*, 952 F. Supp. 2d 1277, 1284 (N.D. Ala. 2013). Indeed, this Honorable Court has held that an allegation of wantonness is relevant to an amount in controversy analysis because it "means the *damages should be greater* and . . . also implies the [injuries] could have been prevented." *Overton v. Wyeth, Inc.*, No. CA 10-0491-KD-C, 2010 WL 4717048, at *4 (S.D. Ala. Oct. 29, 2010), report and recommendation adopted, No. CIV.A. 10-00491-KD-C, 2010 WL 4716972 (S.D. Ala. Nov. 15, 2010) (quoting *White–Spunner Constr., Inc. v. Zurich Am. Ins. Co.*, Civil Action No. 10–0158–WS–C, 2010 WL 3489956, at *3 (S.D.Ala. Aug.30, 2010)) (emphasis added).

20. Plaintiff has made no attempt to limit his damages to $75,000.00 or less in his Complaint wherein he seeks compensatory and punitive damages reflecting the

---

[1] "In the light of the quantified damages approaching the jurisdictional amount by themselves, together with the specification of additional other damages claimed, and combined with Plaintiffs's representations before trial that no question existed about the district court's jurisdiction, on this record we can say—unlike the Best Buy court—'that the amount in controversy might well exceed the jurisdictional amount.'"

*Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 482 (11th Cir. 2005).

Defendants' alleged actions (or inactions) regarding the January 6, 2021, motor vehicle accident. The allegations in his complaint and the evidence included with this Petition for Removal, including, *inter alia*, Plaintiff's complaints of "multiple, serious, and permanent injuries," his apparent need for surgery to repair nerve damage, his lengthy and ongoing medical treatment, the severity of the collision, Plaintiff's wantonness claim, and his presentation of $59,165.00 in allegedly related medical treatment, make readily apparent that the amount in controversy requirement for diversity jurisdiction has been met. [Ex. 2, ¶¶ 7, 11; Ex. 6; Ex. 7]; See *Smith v. Wyeth Inc.*, 488 F.Supp.2d 625, 630 (W.D.Ky.2007) (holding that plaintiff's allegations of permanent injuries, including nerve damage, "likely amount to claims in excess of $75,000.00"); See also *Easterling v. Smithkline Beecham Corp.*, Civil Action No. 2:05CV35KS–JMR, 2006 WL 1581322, at *2 (S.D.Miss. June 2, 2006); See also *Day v. Kia Motors Am., Inc.*, No. 2:16-CV-01028-JHE, 2017 WL 264459, at *3 (N.D. Ala. Jan. 20, 2017) (quoting *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291 (N.D. Ala. 2009)) (". . . punitive damages . . . as this Court has explained, may be 'slightly more than double the compensatory damages claim'").

21. Because complete diversity of citizenship exists between the parties and because the amount in controversy is present, this civil action may be removed to this Court pursuant to 28 U.S.C. §1441 as amended.

22. Defendants have sought no similar relief.

23. This action is hereby removed by Defendant Napa Transportation and Defendant Thompson from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, which is a

district and division embracing the place where the underlying action was pending. See 28 U.S.C. §81(a)(3) and 28 U.S.C. §1446. Thus, venue is proper in the United States District Court for the Northern District of Alabama, Southern Division.

24. Pursuant to 28 U.S.C. §1446(d) a copy of this Petition for Removal is promptly being filed with the Clerk of Court in Jefferson County, Alabama and served on counsel for Plaintiff.

25. If any question arises as to the validity of the removal of this action, the Defendants, Napa Transportation and Thompson, request the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE Defendants, Napa Transportation, Inc. and Dan Allen Thompson, desiring to remove this case to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division of said Court for the county in which said action is pending prays that the filing of this Petition for Removal with the Court and filing of the Notice of Filing of the Petition for Removal with the Clerk of the Circuit Court for Jefferson County, Alabama shall affect the removal of said suit to this Court.

    Respectfully submitted,

    /s/ David M. Wilson
    DAVID M. WILSON (ASB-1797-n71d)
    JONATHAN B. METZ (ASB-1161-a47m)
    Attorneys for the Defendants
    Napa Transportation, Inc. & Dan Allen Thompson

**OF COUNSEL:**
GAINES, GAULT & HENDRIX, P.C.
361 SUMMIT BLVD.
SUITE 200
BIRMINGHAM, AL 35243
(205) 980-5888
dwilson@ggh-law.com
jmetz@ggh-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been served upon all parties in this cause by electronic filing in the AlaCourt E-File System, by electronic mail and/or by placing a copy of the same, properly addressed and postage paid, in the United States Mail on this the 27th day of October, 2021.

G. Courtney French
PETWAY, FRENCH & FORD, LLP
600 Luckie Drive, Ste. 300
Birmingham, AL 35223
Phone: 205-977-9798
Fax: 205-977-9799

                                             /s/   David M. Wilson
                                             OF COUNSEL