# EXHIBIT 2

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2021-900492.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**EMMETT T SIMMONS V. NAPA TRANSPORTATION, INC. ET AL**

**NOTICE TO:** NAPA TRANSPORTATION, INC., C/O RONALD G ACCOMANDO JR 4800 E TRINDLE ROAD, MECHANICSBURG, PA 17050

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), G. COURTNEY FRENCH MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 600 LUCKIE DRIVE, SUITE 300, BIRMINGHAM, AL 35223

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of EMMETT T SIMMONS pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 09/14/2021 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ G. COURTNEY FRENCH MR.
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____.
*(Date)*

*(Address of Server)*

*(Type of Process Server)*    *(Server's Signature)*

*(Server's Printed Name)*    *(Phone Number of Server)*

ELECTRONICALLY FILED
9/14/2021 5:00 PM
68-CV-2021-900492.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93  Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>68-<br>Date of Filing: 09/14/2021 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**EMMETT T SIMMONS v. NAPA TRANSPORTATION, INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☐ YES ☑ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** FRE041    9/14/2021 5:00:27 PM    /s/ G. COURTNEY FRENCH MR.
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
9/14/2021 5:00 PM
68-CV-2021-900492.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BESSEMER DIVISION

| | |
|---|---|
| EMMETT T. SIMMONS, | )
| | )
| Plaintiff. | )
| | )
| v. | )   CIVIL ACTION NO.: _____
| | )
| NAPA TRANSPORTATION, INC. and | )
| DAN ALLEN THOMPSON, | )

No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as **NAPA TRANSPORTATION, INC.**;

No. 2 whether singular or plural, the correct legal designation of that person known only to the Plaintiff as **DAN ALLEN THOMPSON**;

No. 3 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 4 whether singular or plural, the person, firm, corporation or entity for whom the operator of the semi-truck was acting as agent, servant or employee on the occasion made the basis of this lawsuit;

No. 5 whether singular or plural, the driver of the semi-truck whose negligent and/or wrongful conduct caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 6 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver, the owner or lessee of the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 7 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the semi-truck which caused the Plaintiff's injuries and damages on the date and occasion made the basis of this lawsuit;

No. 8 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the semi-truck which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;

No. 9 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the semi-truck, or any of the component parts thereof, which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;

No. 10 whether singular or plural, that entity or those entities who or which was the master or principal of the driver of the semi-truck which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;

No. 11 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the semi-truck involved in the occurrence made the basis of this lawsuit to the driver thereof at the time of said occurrence;

No. 12 whether singular or plural, that person, firm, corporation or entity who or which owned/leased the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 13 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owner and/or lessee of the semi-truck involved in the occurrence made the basis of this lawsuit;

No. 14 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the semi-truck involved in the occurrence made the basis of this lawsuit;

No. 15 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the semi-truck involved in the occurrence made the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the driver of the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the semi-truck which caused the Plaintiff's injuries and damages was being operated on the date and occasion made the basis of this lawsuit;

No. 18 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 19 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiff alleges that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

**Defendants.**

## COMPLAINT

### STATEMENT OF THE PARTIES

1. Plaintiff EMMETT T. SIMMONS is over the age of nineteen (19) years and at all times material herein resided in Jefferson County, Alabama, Bessemer Division, within the jurisdiction of this Court.

2. Defendant NAPA TRANSPORTATION, INC. is a commercial carrier business entity doing business in Jefferson County, Alabama, Bessemer Division, within the jurisdiction of this Court.

3. Defendant DAN ALLEN THOMPSON is over the age of 19 years. Defendant DAN ALLEN THOMPSON was the operator of the 2018 Freightliner semi-truck which caused the Plaintiff's injuries and damages on the date and occasion made the basis of this lawsuit.

4. Parties-Defendant fictitiously identified as Nos. 1 through 19, whose more correct names and identities are unknown to the Plaintiff at this time, but will be more correctly named when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions below:

> No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as NAPA TRANSPORTATION, INC.;

No. 2 whether singular or plural, the correct legal designation of that person known only to the Plaintiff as DAN ALLEN THOMPSON;

No. 3 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 4 whether singular or plural, the person, firm, corporation or entity for whom the operator of the semi-truck was acting as agent, servant or employee on the occasion made the basis of this lawsuit;

No. 5 whether singular or plural, the driver of the semi-truck whose negligent and/or wrongful conduct caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 6 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver, the owner or lessee of the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 7 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the semi-truck which caused the Plaintiff's injuries and damages on the date and occasion made the basis of this lawsuit;

No. 8 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the semi-truck which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;

No. 9 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the semi-truck, or any of the component parts thereof, which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;

No. 10 whether singular or plural, that entity or those entities who or which was the master or principal of the driver of the semi-truck which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;

4

No. 11 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the semi-truck involved in the occurrence made the basis of this lawsuit to the driver thereof at the time of said occurrence;

No. 12 whether singular or plural, that person, firm, corporation or entity who or which owned/leased the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 13 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owner and/or lessee of the semi-truck involved in the occurrence made the basis of this lawsuit;

No. 14 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the semi-truck involved in the occurrence made the basis of this lawsuit;

No. 15 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the semi-truck involved in the occurrence made the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the driver of the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the semi-truck which caused the Plaintiff's injuries and damages was being operated on the date and occasion made the basis of this lawsuit;

No. 18 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 19 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiff alleges that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

## STATEMENT OF THE FACTS

5. Plaintiff adopts by reference the foregoing paragraphs as if they were set out in full herein.

6. On or about January 6, 2021, Plaintiff EMMETT T. SIMMONS was lawfully operating his vehicle southbound on Dartmouth Avenue at or near the intersection of Highway 150 in Bessemer, Jefferson County, Bessemer Division, Alabama, when Defendant DAN ALLEN THOMPSON, who was driving a 2018 Freightliner semi-truck owned and maintained by Defendant NAPA TRANSPORTATION, INC. (and the Defendants fictitiously identified as Nos. 1 – 19), negligently and/or wantonly ran the red traffic signal while driving eastbound on Highway 150 and collided into the driver's side of the Plaintiff's vehicle causing the collision made the basis of this suit.

7. Plaintiff alleges that a result of the negligent and/or wanton conduct of Defendant NAPA TRANSPORTATION, INC. and Defendant DAN ALLEN THOMPSON, the Plaintiff was caused to suffer multiple, serious and permanent injuries and damages described herein.

8. Parties-Defendant fictitiously identified as Nos. 1 through 19, whose more correct names and identities are unknown to the Plaintiff at this time, but will be more correctly named

when their identities are ascertained, are the respective persons and/or entities who or which fit the descriptions below:

> No. 1 whether singular or plural, the correct legal designation of the entity known only to the Plaintiff as NAPA TRANSPORTATION, INC.;
>
> No. 2 whether singular or plural, the correct legal designation of that person known only to the Plaintiff as DAN ALLEN THOMPSON;
>
> No. 3 whether singular or plural, the person, firm, corporation or entity who or which owned/leased the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;
>
> No. 4 whether singular or plural, the person, firm, corporation or entity for whom the operator of the semi-truck was acting as agent, servant or employee on the occasion made the basis of this lawsuit;
>
> No. 5 whether singular or plural, the driver of the semi-truck whose negligent and/or wrongful conduct caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;
>
> No. 6 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to either the driver, the owner or lessee of the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;
>
> No. 7 whether singular or plural, that person, firm, corporation or entity who or which provided maintenance and upkeep on the semi-truck which caused the Plaintiff's injuries and damages on the date and occasion made the basis of this lawsuit;
>
> No. 8 whether singular or plural, that person, firm, corporation or entity who or which performed any repair work on the semi-truck which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;
>
> No. 9 whether singular or plural, that entity or those entities who or which manufactured and/or distributed the semi-truck, or any of the

7

component parts thereof, which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;

No. 10 whether singular or plural, that entity or those entities who or which was the master or principal of the driver of the semi-truck which caused the Plaintiff's injuries and damages in the occurrence made the basis of this lawsuit;

No. 11 whether singular or plural, that person, firm, corporation or entity who or which negligently entrusted the semi-truck involved in the occurrence made the basis of this lawsuit to the driver thereof at the time of said occurrence;

No. 12 whether singular or plural, that person, firm, corporation or entity who or which owned/leased the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 13 whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the owner and/or lessee of the semi-truck involved in the occurrence made the basis of this lawsuit;

No. 14 whether singular or plural, that person, firm, corporation or entity who or which repaired, altered and/or maintained the semi-truck involved in the occurrence made the basis of this lawsuit;

No. 15 whether singular or plural, that person, firm, corporation or entity who or which tested, inspected, approved, or issued any approval of the semi-truck involved in the occurrence made the basis of this lawsuit, any component part thereof or any attended equipment used or available for use therewith;

No. 16 whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and/or hiring of the driver of the semi-truck which caused the Plaintiff's injuries and damages on the occasion made the basis of this lawsuit;

No. 17 whether singular or plural, that person, firm, corporation or entity who or which was the holder of the ICC motor carrier permit under which the semi-truck which caused the Plaintiff's injuries and damages was being operated on the date and occasion made the basis of this lawsuit;

No. 18 whether singular or plural, that person, firm, corporation or entity other than those entities hereinabove described, which is the successor in interest of any of those entities hereinabove described;

No. 19 whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, breach of contract or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiff alleges that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

## COUNT ONE

### NEGLIGENCE AND/OR WANTONNESS AGAINST DEFENDANT DAN ALLEN THOMPSON

9. Plaintiff adopts and re-alleges the foregoing Paragraphs, as if fully set forth herein.

10. On or about January 6, 2021, Plaintiff EMMETT T. SIMMONS was lawfully operating his vehicle southbound on Dartmouth Avenue at or near the intersection of Highway 150 in Bessemer, Jefferson County, Bessemer Division, Alabama, when Defendant DAN ALLEN THOMPSON, who was driving a 2018 Freightliner semi-truck owned and maintained by Defendant NAPA TRANSPORTATION, INC. (and the Defendants fictitiously identified as Nos. 1 – 19), negligently and/or wantonly ran the red traffic signal while driving eastbound on Highway 150 and collided into the driver's side of the Plaintiff's vehicle causing the collision made the basis of this suit.

11.     Plaintiff alleges that as a proximate consequence of the negligence and/or wantonness of Defendant DAN ALLEN THOMPSON (and the Defendants fictitiously identified as Nos. 1 – 19), Plaintiff EMMETT T. SIMMONS suffered multiple serious and permanent injuries, including, but not limited to, multiple rib fractures, injuries to his neck, chest and back. He was bruised and contused, suffered severe physical pain and mental anguish, was caused to incur medical expenses and will continue to do so in the future.

WHEREFORE, Plaintiff EMMETT T. SIMMONS demands compensatory and punitive damages against Defendants NAPA TRANSPORTATION, INC. and DAN ALLEN THOMPSPN (and the Defendants fictitiously identified as Nos. 1 – 19) in an amount to be determined by this Honorable Court, plus interest and costs.

## COUNT TWO

### NEGLIGENT/WANTON HIRING, TRAINING AND SUPERVISION BY DEFENDANT NAPA TRANSPORTATION, INC.

12.     Plaintiff re-alleges each and every previous allegation as if fully set forth herein.

13.     Defendant NAPA TRANSPORTATION, INC., (and the Defendants fictitiously identified as Nos. 1 – 19) had a duty to properly hire, train and supervise safe and competent drivers.

14.     Defendant NAPA TRANSPORTATION, INC., (and the Defendants fictitiously identified as Nos. 1 – 19) breached its duty owed to the public, including Plaintiff EMMETT T. SIMMONS, by negligently and/or wantonly hiring, training and supervising Defendant DAN ALLEN THOMPSON, proximately causing the incident described in this Complaint.

15.     As a proximate consequence of said negligence and/or wantonness of Defendant NAPA TRANSPORTATION, INC. (and the Defendants fictitiously identified as Nos. 1 – 19), Plaintiff was caused to suffer the injuries and damages described herein.

10

WHEREFORE, Plaintiff EMMETT T. SIMMONS demands compensatory and punitive damages against Defendant NAPA TRANSPORTATION, INC. (and the Defendants fictitiously identified as Nos. 1 – 19) in an amount to be determined by this Honorable Court, plus interest and costs.

## COUNT THREE

### NEGLIGENT/WANTON ENTRUSTMENT
### BY DEFENDANT NAPA TRANSPORTATION, INC.

16. Plaintiff re-alleges each and every previous allegation as if fully set forth herein.

17. Defendant NAPA TRANSPORTATION, INC., (and the Defendants fictitiously identified as Nos. 1 – 19) had a duty to only entrust its company vehicle to safe and competent drivers.

18. Defendant NAPA TRANSPORTATION, INC. (and the Defendants fictitiously identified as Nos. 1 – 19) breached its duty owed to the public, including Plaintiff EMMETT T. SIMMONS by negligently and/or wantonly entrusting its semi-truck to Defendant DAN ALLEN THOMPSON proximately resulting in the incident described in this Complaint.

19. As a proximate consequence of said negligence and/or wanton entrustment of the Defendant NAPA TRANSPORTATION, INC. (and the Defendants fictitiously identified as Nos. 1 – 19), Plaintiff was caused to suffer the injuries and damages described herein.

WHEREFORE, Plaintiff EMMETT T. SIMMONS demands compensatory and punitive damages against Defendant NAPA TRANSPORTATION, INC. (and the Defendants fictitiously identified as Nos. 1 – 19) in an amount to be determined by this Honorable Court, plus interest and costs.

## COUNT FOUR

### NEGLIGENT/WANTON MAINTENANCE
### BY DEFENDANTS NAPA TRANSPORTATION, INC.
### and DAN ALLEN THOMPSON

20. Plaintiff re-alleges each and every previous allegation as if fully set forth herein.

21. Defendants had a duty to maintain their vehicle in a reasonably safe condition.

22. Defendants breached their duty owed to the public, including Plaintiff EMMETT T. SIMMONS, by negligently and/or wantonly maintaining its semi-truck proximately resulting in the incident described in this Complaint.

23. As a proximate consequence of said negligent and/or wanton maintenance by Defendants NAPA TRANSPORTATION, INC. and DAN ALLEN THOMPSON (and the Defendants fictitiously identified as Nos. 1 – 19), Plaintiff was caused to suffer the injuries and damages described herein.

WHEREFORE, Plaintiff EMMETT T. SIMMONS demands compensatory and punitive damages against Defendant NAPA TRANSPORTATION, INC. (and the Defendants fictitiously identified as Nos. 1 – 19) and Defendant DAN ALLEN THOMPSON in an amount to be determined by this Honorable Court, plus interest and costs.

Respectfully submitted,

*/s/ G. Courtney French*
G. COURTNEY FRENCH
CHRISTIN R. FRENCH
Attorneys for Plaintiff

**OF COUNSEL:**
PETWAY, FRENCH & FORD, LLP
600 Luckie Drive, Ste. 300
Birmingham, AL 35223
Phone: 205-977-9798
Fax: 205-977-9799

**SERVE DEFENDANTS VIA USPS CERTIFIED MAIL:**
NAPA TRANSPORTATION, INC.
c/o Ronald G. Accomando, Jr.
4800 E. Trindle Road
Mechanicsburg, PA 17050

DAN ALLEN THOMPSON
151 Homestead Drive
Ellabell, GA 31308